UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD LEE SWACKHAMMER,

    Plaintiff,

CASE NO. 1:10-CV-1160

v.

HON. ROBERT J. JONKER

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

_____/

# ORDER

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 35) and Plaintiff Swackhammer's Objections to the Report and Recommendation (docket # 36). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.

Mr. Swackhammer's legal claim springs from an alleged retaliation in violation of the First Amendment. In his Report and Recommendation, Magistrate Judge Brenneman recommends that summary judgment on the claim be granted as to Defendants Pilchta, Walton, Riley, and Bush, and as to the three unserved and unknown defendants referred to as the "Green-Tag Correctional Officers," because Mr. Swackhammer did not properly exhaust his administrative remedies. Specifically, the Magistrate Judge explains, Mr. Swackhammer did not name Defendants Walton and Riley in the grievance on which his federal action is based, Grievance 521, nor did Mr. Swackhammer make any explicit reference to a claim of retaliatory transfer or other retaliation in that grievance. (R. and R., docket # 35, 6-10.)

Mr. Swackhammer raises several objections to the Report and Recommendation. Citing *Jones v. Bock*, 549 U.S. 199 (2007), Mr. Swackhammer asserts that he was not required to name Defendants Walton and Riley in his grievance to properly exhaust his administrative remedies against them. Mr. Swackhammer, who is proceeding *pro se*, misunderstands the application of *Jones* to his case. *Jones* explains that,

> Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. At the time the petitioners in *Jones* filed their grievances, the MDOC grievance procedures "ma[d]e no mention of naming particular officials." *Id.* Accordingly, it was not appropriate to impose such a prerequisite for proper exhaustion. However, the MDOC

grievance procedure has changed since that time. *Id.* at 206, n. 4; *see* MDOC Policy Directive 03.02.130 (effective July 9, 2007). The Policy Directive applicable to Mr. Swackhammer's claim provides explicitly that "[i]nformation provided is to be limited to the facts involving the issue being grieved (i.e. who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 (effective July 9, 2007). To properly exhaust, Mr. Swackhammer had to comply with that Policy Directive, including by naming "all those involved in the issue being grieved." *Id.* Mr. Swackhammer does not mention Defendants Walton or Riley on his Step I grievance form, in which he describes the events giving rise to this lawsuit. He does make reference to each of them on his Step II form, but he refers to them not as people who participated in the events from which this lawsuit springs, but as people who interviewed him in connection with the grievance process. The Magistrate Judge correctly concluded that Mr. Swackhammer did not properly exhaust retaliation claims as to those two defendants. Defendants Watson and Riley are entitled to summary judgment.

The Magistrate Judge also determined that Mr. Swackhammer had not properly exhausted his claim of First Amendment retaliation as to Defendants Pilchta and Bush, as well as the unidentified and unserved "Green-Tag Correctional Officers." The Magistrate Judge found that Grievance 521 described Mr. Swackhammer's claim of denial of access to the court, which was dismissed on screening (docket # 7), but that the grievance did not raise a claim of First Amendment retaliation. (R. and R., docket # 35, at 8.) Mr. Swackhammer argues that Grievance 521 does articulate a claim of First Amendment retaliation, emphasizing that he specified "who, what, when, where, why, and how" in his grievance and did not have to use the specific word

3

"retaliation" to state a claim of retaliation. (Obj., docket # 36, at 4.) The Court agrees. In the grievance, Mr. Swackhammer described the "why," or purpose, of the actions he alleges against defendants as "to deliberately and intentionally frustrate, impede, hinder, interfere, and obstruct plaintiff's litigation." (*Id.*) That amounts to a claim of retaliation. On this record, Defendants Pilchta and Bush, as well as the unidentified and unserved "Green-Tag Correctional Officers," are not entitled to summary judgment on Mr. Swackhammer's First Amendment retaliation claim based on failure to exhaust.

Mr. Swackhammer adds that he should be permitted more discovery to ascertain the identities of the "Green Tag Correctional Officers." (*Id.* at 2.) The Magistrate Judge stayed discovery pending the resolution of Defendants' motion for summary judgment. (docket # 35). It is now up to the Magistrate Judge to determine what, if any, further discovery is appropriate. Similarly, Mr. Swackhammer directs the Court's attention to a letter from Mr. Monsma "specifically declaring that the documents were in fact delivered to the facility, contrary to defendants [sic] allegations." (Obj., docket # 36, at 5.) This letter does not affect the administrative exhaustion analysis at issue in the Report and Recommendation and this Order but may, of course, be relevant to the analysis of the merits of the case.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 36) is approved and adopted as the opinion of the Court to the extent consistent with this Order.

**IT IS FURTHER ORDERED** that Defendants Pilchta, Walton, Riley, and Bush's Motion for Summary Judgment (docket # 22 ) is **GRANTED** to the extent it seeks summary judgment in

favor of Defendants Walton and Riley for failure to exhaust administrative remedies and is **DENIED** in all other respects.

Defendants Walton and Riley are **TERMINATED** from the case.


Dated:     March 14, 2012              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE